PER CURIAM.
The Florida Board of Bar Examiners has petitioned the Court to approve amendments to certain rules governing the admission to practice law and also to approve amendments to certain regulations adopted by the Board pursuant to Article II, Section 16, of the Court Rules governing admissions, 31 F.S.A.
The Rules governing admissions to the Bar of Florida and the regulations adopted by the Board of Bar Examiners are approved as amended in the particulars hereinafter set forth, effective August 31, 1967.
Article II, Section 10, Subparagraph (cR is amended to read:
Each examination shall consist of twenty questions. Only the following subjects, including their equitable aspects and their ethical and professional responsibility aspects, shall be used in examinations promulgated by the Board of Bar Examiners:
Contracts
Constitutional Law Federal State
Wills and Administration of Estates Trusts
Criminal Law and Procedure
Corporations Real Property
Evidence
Torts
Florida Rules of Civil Procedure
All examination papers of applicants for the Bar shall be examined by the Board and the graders. Each answer shall be graded and credited with reference to a perfect standard of 100%. Upon the conclusion of said examination and the compilation of the grades received by all applicants, designated by number and not by name, the Board shall add the ten highest grades received, divide the total thereof by ten and shall certify to the Supreme Court the names of the applicants who receive a grade within twenty points of such result. All such applicants shall be entitled to be admitted as having attained a passing grade.
Article II, Section 17, as amended to read:
Section 17. A permanent committee to coordinate the work of the Bench, Bar, law schools and bar examiners and make recommendations to this Court concerning the same from time to time is hereby created and established. Such committee shall consist of two members of the Supreme Court to be designated by said Court, two members of the Board of Bar Examiners to be designated by such Board, two members of The Florida Bar to be designated by the Board of Governors of The Florida Bar and the Deans of the Law Colleges of the University of Florida, Florida A. & M. University, Florida State University, the University of Miami and Stetson University.
Article III, Section 19, Paragraph a., is-amended to read:
a. If any applicant for admission passes, the examination but dies before he takes the oath of admission and receives his cer *542 tificate, his widow, if living, and if not living, his next of kin shall receive an appropriate certificate of this Court certifying that said applicant had successfully passed the examination and otherwise met the requirements for admission and, had it not been for his death, would have been duly admitted as a member of The Florida Bar.
Article IV, Section 21, is amended to read:
Section 21. (a) If the candidate shall be dissatisfied with the Board’s recommendation concerning his character and fitness, upon the candidate’s filing an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty days after receipt of notice of denial, the Executive Director shall place the file and other available information with the Supreme Court, and such Justice or Justices thereof as shall be designated by the Chief Justice shall interview and hear such candidate and make such inquiry of the Board and others as shall be necessary to a decision as to whether such candidate meets the character and fitness requirements. The Justice or Justices so designated shall make a recommendation to the Court and the final action of the Court shall be duly entered in the minutes thereof.
(b) If any applicant or student registrant shall be dissatisfied with an administrative ruling of the Board not covered by sub-paragraph (a) above, such applicant or student registrant may, within five (5) days after receipt of written notice of the Board’s action, file an appropriate petition with the Clerk of the Supreme Court of Florida for review of the Board’s action. A copy of any such petition shall be served upon the Executive Director of the Board. The Board shall have five (5) days after the service of said copy on the Executive Director in which to file a response to the petition with the Clerk of the Supreme Court of Florida and shall serve a copy thereof upon the applicant or student registrant. Service of a petition or response may be in person, by certified mail, or by registered mail. Thereafter, the matter shall be disposed of as the Court directs and any final action of the Court shall be duly entered in the minutes thereof.
Article V. Section 23, is amended to read:
Section 23. Every candidate who has complied with the requirements of the applicable rules for admission to practice the profession of law shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar. If the Court is satisfied as to the qualifications of the candidate so recommended, an Order of admission shall be made and entered in the minutes of the Court, and it shall designate a time when all candidates will take the oath which shall be administered by the Chief Justice of the Court or a Justice thereof before the Court in formal session or which shall be administered by the Chief Judge of a District Court of Appeal or a Judge thereof before a District Court of Appeal in formal session. Any candidate who is unable to attend such formal session and there take his oath, upon obtaining permission from the Supreme Court, may take the same before any Circuit Judge of this State or, if the same be taken beyond the limits of the State of Florida, before an appropriate officer to be designated by special order of the Chief Justice of this Court. No certificate of admission to practice shall be issued until the oath of such candidate has been filed in the office of the Clerk of the Supreme Court. The Clerk shall maintain a permanent register of all persons so admitted.
Rule I, as adopted by the Board, is approved as follows:
Section 1. Application for admission to the Florida Bar examination must be made upon the forms supplied by the Board pursuant to Rule V, Section 62.
Section 2. Applicants who have not been admitted to the Bar in any other jurisdiction for a period in excess of 12 months preceding the filing of an application in *543 Florida, time spent in military service of the United States not to be reckoned as part of said 12 months, shall accompany the application with the fee prescribed in Section SO, of Rule V.
Section 3. All applicants except those described in Section 2 shall accompany the application with the fee prescribed in Section 51, of Rule V.
Section 4. The Florida bar examination shall be administered twice each year. The first administration shall be known as the Spring examination and the second administration shall be known as the Summer examination. The applications of applicants applying for the Spring examination must be postmarked or received not later than October 1. The applications of applicants applying for the Summer examination must be postmarked or received not later than March 1.
Applications for the Spring examination postmarked or received after October 1 will not be processed for the Spring examination, and applications postmarked or received after March 1 will not be processed for the Summer examination. Requests for waiver of these filing deadlines will not be considered by the Board, except under dire and unusual circumstances.
Rule III, Section 21, Subparagraph (c) as adopted by the Board is approved as follows:
(c) If an applicant shall fail five times to pass the examination, he shall not be reexamined except by special permission of the Board for good cause shown. A petition on a form supplied by the Board for such special permission shall be filed within the deadlines as specified under Rule I. At least one examination must elapse between re-examinations number 3 and 4, and number 4 and 5.
Rule IV, Section 33, as adopted by the Board is approved as follows:
Section 33. As to any such application for registration, the Board may at any time find it advisable to make further inquiry into the character, fitness and general qualifications of the registrant. In such case the registrant may be required to pay the fee prescribed in Section 54 and the Board shall conduct an investigation and otherwise inquire into the character, fitness and general qualifications of such registrant and in every such investigation and inquiry the Board shall have all of the powers given it in respect to inquiry and investigation of candidates for admission to the Bar.
Rule V, Sections 61, 62 and 63, as adopted by the Board, are approved as follows:
Section 61. Requests for a copy of any document or portion thereof filed by an applicant in the course of his seeking admission to The Florida Bar shall be accompanied by a fee of $.50 per page.
Section 62. Requests for copies of the application forms filed by persons other than students matriculating at the Law Schools within the State of Florida, the Deans and Librarians of such Florida Law Schools, and any other persons to be designated by the Board, shall be accompanied by a fee of $5.00. Any person having remitted this fee shall have a like amount deducted from any application fee which is subsequently remitted.
Section 63. The Board shall honor requests received in writing for copies of the essay-type questions which appeared on previously-administered Florida Bar Examinations. Such requests shall be limited to the last two examinations administered preceding receipt of the request. Each such request shall be accompanied by a fee of .$5.00.
It is so ordered.
THORNAL, C. J., and ROBERTS, DREW, O’CONNELL and ERVIN, JJ., concur.